HOWELL v. WEST.  (No. 8429.)

(Court of Civil Appeals of Texas.  Dallas. Dec. 24, 1920.  Rehearing Denied Jan. 29, 1921.)

1. Master and servant ⬅80(7)—Testimony as to value of service inadmissible on issue of existence of contract fixing compensation.

In an action to recover for services rendered under an express contract to work at $75 a month, plaintiff's testimony that part of the work done by him for defendant would cost from $10 to $15 a day if performed by experts was inadmissible.

2. Appeal and error ⬅1050(1)—Opinion of plaintiff hired under contract fixing compensation as to value of services harmless.

In an action for services under an express contract to work at $75 a month, improper admission of plaintiff's testimony that part of the work done by him for defendant would cost from $10 to $15 a day if performed by experts held harmless to defendant.

On Motion for Rehearing.

3. Appeal and error ⬅1170(7)—Rule admission of immaterial evidence requires reversal unless no injury apparent does not obtain.

The rule that the admission of immaterial evidence requires reversal unless it appears that no injury could have resulted does not obtain in Texas, where the rule is that there shall be no reversal for error of law in course of trial unless the appellate court shall be of opinion the error complained of amounted to a denial of the rights of appellant, causing rendition of improper judgment. Rule No. 62a, 149 S. W. x.

Appeal from Ellis County Court; F. L. Wilson, Judge.

Suit by Geo. S. West against W. B. Howell. From judgment for plaintiff, defendant appeals. Affirmed.

Supple & Harding, of Waxahachie, for appellant.

Mark Smith, of Waxahachie, for appellee.

HAMILTON, J. Appellee sued appellant to recover an alleged balance due upon an express oral contract for services rendered at $75 per month.

Trial was had to a jury and a verdict was returned for appellee and judgment in his favor against appellant was entered conforming to the verdict, and appellant has appealed.

The plaintiff alleged that on April 4, 1918, he contracted with defendant, who was a hardware merchant selling, besides hardware, automobiles and farm machinery and implements, and that the contract made between them bound plaintiff to do any kind of work defendant might assign to him, besides the work of selling automobiles. The defendant, it was alleged, was bound on his part by the contract to pay plaintiff a salary of $75 per month for all his services, and also an additional sum amounting to 5 per cent. of the sales of automobiles made by him, provided 5 per cent. of such sales amounted to more than $75 per month.

In connection with allegations to the above effect appellee alleged that he worked for appellant 11 consecutive months, doing various kinds of work, such as selling automobiles, waiting on the trade in appellant's store, assembling harvest binders, row binders, mowers, and tractors and did labor on a large farm for appellant owned by appellant in Grayson county, Tex.; that the total amount earned by him and which became payable by appellant under said agreement was $825, on which appellant, by payments from time to time, had paid $309.66, leaving a balance of $515.34 due, which appellant refused to pay. For the last-named amount appellee recovered judgment.

Appellant answered the plaintiff's petition as follows: By general denial, except as to an unpaid balance due of $67.34, which was tendered at the trial, and by specially pleading that the contract was that he should pay plaintiff $75 per month for the first two months of services and thereafter for the remainder of the period of employment he should pay plaintiff a commission of 5 per cent. on the sales of automobiles; the employment of appellee being solely as an automobile salesman.

Several assignments of error complaining of the court's charge are presented in appellant's brief. None of these ought to be

sustained. The case is a very simple one. The question in it, and the only one in it, is, Did or did not the parties make the contract alleged? The pleadings very definitely raised the affirmative and negative of this question, and the proof, which was admirably brief, but quite full, ran mainly along the lines of the respective contentions tendered by the pleadings. The charge of the court adhered, on the whole, to the issue joined by the pleadings and the evidence.

The charge briefly, but with sufficient clearness, told the jury, in substance, that if they believed from a preponderance of the evidence that the contract was made, as alleged by plaintiff, and that plaintiff had fulfilled his part of it, then to find for plaintiff and assess the amount due him; but, on the other hand, that if they did not so believe, but believed that the agreement was as contended by defendant, then to find for defendant. It occurs to us that the charge did not materially depart in any respect from a fairly clear and sufficiently full presentation of the issue, even though some of appellant's criticisms might be justified; and since, stated in general terms, the object of the charge in such case is only to tell the jury the legal effect of the conclusion, whichever of the two it might be, to be drawn from the evidence, we do not feel called upon to sustain appellant's criticisms. We do not believe that the jury could have been misled or confused by the language of the charge, but, on the contrary, we think the correct idea of the law of the case it sought to convey was apprehended and applied by the jury.

The pleadings and the evidence were such that there was nothing to determine except the one question of whether or not there was a contract under which appellee had worked 11 months for the agreed compensation alleged by appellee. Appellant sought to make no issue of any kind in avoidance. He simply denied the contract alleged by appellee and alleged a different contract, which he claimed he had fully performed by paying the amount appellee acknowledged and tendered $67.34 he acknowledged to be due. This amounted to no more than a general denial. The contract being established, as the jury believed, there remained no other controversy, for the parties were in agreement on the amount paid already to appellee and, of course, the ascertainment of the balance was a mere matter of calculation.

[1] Appellant's third assignment of error complains that the court wrongfully permitted appellee to testify, over his objection, that a part of the work done by appellee for appellant would cost from $10 per day to $15 per day, if performed by experts; and appellant insists that the admission of such testimony was both erroneous and prejudicial.

That the testimony was inadmissible there can be no doubt. It was wholly irrelevant. It did not tend to prove anything at all material to the issue in the case. It reflected no light whatever upon the question of whether or not an express contract to work at $75 per month was made by appellee with appellant. And this was the question brought before the court and jury by appellant's petition.

[2] But because testimony which is inadmissible, as an original proposition, is admitted by a trial court, an appellate tribunal is not, in every instance, necessarily required or even authorized to reverse the judgment. While it is an axiom of the law of evidence that only testimony having rational probative force is admissible, yet trial courts have, and, necessarily must have, wide administrative discretion with reference to matters of this kind, and we do not think that we ought to conclude that the party is prejudiced who complains of the admission of purely irrelevant testimony, which appears neither to so much as tend to prove the case of him who introduces it nor to injure the defense of the other party, especially where such testimony is offered under the circumstances which appear to have confronted the trial court in this case when the testimony was admitted.

The circumstances of which we speak, as we can best gather them from the record, were these:

Appellant, after appellee had fully testified as to the terms of the contract alleged, took the witness stand and testified in denial of appellee's testimony. Without any objection from his adversary, so far as we are advised, he further testified that while appellee did certain farm work for him on his Grayson county farm in connection with the running of machinery in harvesting grain, yet such work was done without any contract agreement as to pay, and that reasonable compensation for this service was only $4 per day. Appellant had specially pleaded nothing upon which to predicate this testimony.

After appellant had concluded his defense and rested, appellee took the witness stand again and gave the testimony complained of in this assignment of error. The record does not expressly disclose that the purpose of the testimony was that it should be evidence in rebuttal, but, considering the nature of it, and viewing it in the light of all that had gone before, we assume that the trial judge admitted it on the theory that it was in rebuttal of appellant's testimony. We do not think it affirmatively appears that the evidence, although irrelevant and improper as it manifestly was, confused and misled the jury, and accordingly we will not reverse the case on account of it.

"Should the action below have been guided by reason, it should be regarded as within the

limits of tolerance. Even where the higher court feels that error has been committed in admitting certain evidence, it will not, as a rule, find prejudice where the evidence admitted was entirely irrelevant, i. e., immaterial. It is obviously difficult to predicate prejudice upon the admission of irrelevant evidence, entirely without probative effect. The sound practice therefore would seem to allow the action of the trial judge to stand, unless, indeed, prejudice should arise from other causes. This may happen where the evidence, though irrelevant to any proposition in issue, is affirmatively shown to have confused or misled the jury." Chamberlayne's Modern Law of Evidence, vol. 3, § 1749.

We concede that the evidence upon the trial of this case did not preponderate in appellee's favor. On the contrary, we think the preponderance of evidence is with appellant. But the jury alone is authorized to pass upon the weight of evidence where there is a real conflict, as there was in this case. The jury heard the witnesses testify, and, under instructions on the whole substantially sound, they resolved the facts into a conclusion against appellant which resulted in the judgment complained of.

There appears to be no error in the case precluding its affirmance, and therefore the judgment of the court below is affirmed.

Affirmed.

### On Motion for Rehearing.

[3] Appellant in his motion for a rehearing insists that the admission of the immaterial evidence of the plaintiff concerning the value of his services rendered on appellee's farm was manifestly harmful and that we committed error in holding otherwise. We have carefully considered counsel's insistent argument, but are still unable to conclude that the error complained of was, under all the circumstances, harmful. The mere admission of wholly immaterial evidence does not require or authorize a reversal of the judgment, as stated in our opinion which the motion attacks. The rule that the admission of immaterial evidence requires a reversal unless it appears that no injury could have resulted from the admission of such evidence does not obtain in Texas. On the contrary, the rule is that—

"No judgment shall be reversed on appeal and a new trial ordered in any case on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion *that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. * * *"* (Italics ours.) 62a, Rules Texas Court of Civil Appeals (149 S. W. x).

We are not able to say that the admission of the immaterial testimony, under the circumstances recited, probably caused the rendition of an improper judgment, and therefore we would not be justified to reverse the case. Railroad Co. v. Blackburn, 155 S. W. 627; Chamberlayne's Modern Law of Evidence, vol. 3, § 1749.

Appellant again presents his original objection to the charge of the court. We think the charge fairly conforms to the issue made by the pleadings and the evidence. The effect of the charge was to apply the law correctly to the controversy, and we cannot reverse the judgment merely because the charge may not in all respects comport with our idea of approved form. Rule 62a, supra.

It supplied the right basis for determining the contention between the parties, and there appears no reason for us to declare that it confused or misled the jury, except that their verdict was against appellant, and this is no reason at all, because there is clear and positive testimony to support the verdict, notwithstanding any opinion we might have as to the weight and preponderance of the evidence.

The motion for rehearing is overruled.